Douglas Shane Cosper v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-045-CR

     DOUGLAS SHANE COSPER,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court # FCM-00-15602
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      This case involves the effectiveness of trial counsel. 
      Douglas Shane Cosper and his wife, Lisa, had been having marital problems for several years. 
Cosper eventually moved out of their house; Lisa stayed there with their twelve-year-old son. 
Cosper suspected Lisa was having an affair with Jeff Miller, but Lisa denied it.
      On March 24, 2000, about ten months after he moved from their house, Cosper learned that
Lisa and Jeff might be together at the house. Cosper got his shotgun, went to the house, and
entered; he found Lisa and Jeff sitting in the living room. Cosper shot and killed Lisa and Jeff,
went back to his apartment, confessed to his son, called his step-father and confessed, and turned
himself in to police. The next day, Cosper signed a written confession. The day after that, he
made a tape-recorded confession. Both confessions were admitted into evidence at trial.
      Cosper was indicted for capital murder, and the State sought the death penalty. During
opening statement (reserved until the end of the State’s evidence on guilt-innocence), defense
counsel told the jury: “[W]hat happened happened. But what we think is important for you to see
and for you to understand is why it happened. . . . I think [the evidence the defense will present
is] going to make you understand that this may be one of those cases where you need to really
seriously look at a lesser included offense of murder,


 because what’s important to this is what was
in Doug’s mind, what was he thinking and why was he thinking it.” During the closing argument
of the guilt-innocence phase, defense counsel argued: “Now, ladies and gentlemen, it doesn’t
change the fact and it doesn’t change the tragedy of two deaths, but ladies and gentlemen, all of
this goes to the issue of the defendant’s state of mind. It goes to intentional and knowingly, and
it goes to heat of passion.


 You’ve got to look at this and you’ve got to go over the court’s charge. 
And ladies and gentlemen, if you find by any degree of less than a reasonable doubt because of
his state of mind, you’ve got to acquit him.” After the jury convicted Cosper, at the punishment
phase defense counsel called ten witnesses, including three doctors, whose testimony was designed
to refute that Cosper was a continuing threat to society, and to show circumstances mitigating
against imposition of the death penalty. The jury found sufficient mitigating circumstances for a
life sentence rather than death. The court sentenced Cosper to life.
      On appeal, Cosper’s sole issue is that his trial counsel were ineffective because they presented
a guilt-innocence defense of “sudden passion,” whereas that defense is available only in the
punishment phase of a proceeding for regular murder. Tex. Pen. Code Ann. § 19.02(d) (Vernon
1994); Wesbrook v. State, 29 S.W.3d 103, 112-13 (Tex. Crim. App. 2000); Buhl v. State, 960
S.W.2d 927, 935 (Tex. App.—Waco 1998, pet. ref’d).


 He says that by pursuing a defensive
theory that was doomed—he could not get a jury instruction on it—his trial counsel failed to pursue
other lines of defense during the guilt-innocence phase. In the alternative, Cosper argues that his
trial counsel should have more persuasively argued that it is unconstitutional to apply “sudden
passion” to regular murder but not to capital murder.
      The State counters that, even though the defensive theory was not legally applicable during
guilt-innocence, the thrust of it was pertinent to the “mitigating circumstances” issue during the
punishment phase. Therefore, the development of “sudden passion” was useful to Cosper, as
evidenced by the jury’s finding of mitigating circumstances. Furthermore, the State says, the
defense never disputed that Cosper murdered Lisa and Jeff at the same time, and so there were no
other defenses.
      Texas courts follow the United States Supreme Court's two-pronged Strickland test to
determine whether counsel's representation was so inadequate as to be in violation of the Sixth
Amendment right to effective assistance of counsel. Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999) (citing Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986), which
adopted the standard in Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 2068, 80
L.Ed.2d 674 (1984)). Appellant must show: (1) counsel's assistance fell below an objective
standard of reasonableness, and (2) counsel's deficient assistance, if any, prejudiced the defendant. 
Thompson, 9 S.W.3d at 812 (citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App.
1996)). This two-pronged test is the “benchmark for judging whether counsel's conduct so
undermined the proper functioning of the adversarial process that the trial cannot be relied on as
having produced a reliable result.” Thompson, 9 S.W.3d at 812-13 (citing McFarland v. State,
845 S.W.2d 824, 843 (Tex. Crim. App. 1992) (quoting Strickland, 466 U.S. at 686, 104 S.Ct.
at 2064)). There is a strong presumption that counsel’s performance fell within the wide range
of reasonable professional assistance. Id. at 813 (citing Strickland, 466 U.S. at 690, 104 S.Ct.
at 2066). Appellant must prove ineffective assistance by a preponderance of the evidence. Id. at
813 (citing Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)).
      There is a presumption that the challenged act by defense counsel is trial strategy. Pena-Mota
v. State, 986 S.W.2d 341, 346 (Tex. App.—Waco 1999, no pet.) (citing Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994)). The record indicates that defense counsel attempted
to persuade the court to follow the law prior to 1994, when amendments were made to the murder
statutes deleting voluntary manslaughter as an offense and instituting “sudden passion” as a
punishment issue for regular murder offenses. It is not clear whether Cosper’s trial counsel failed
to understand that “sudden passion” is not a defense in a capital murder, or whether counsel had
a trial strategy of weaving “sudden passion” into the trial in hopes of convincing a juror to acquit
based on Cosper’s state of mind, even though that would not have been a proper finding under the
charge. Statements made by defense counsel at the charge conference, indicating that they
believed evidence of “sudden passion” was relevant because this was a case of domestic violence,
do not clarify what their thinking was. Nevertheless, we need not decide this prong of the
Strickland test, because Cosper cannot show that he was prejudiced thereby. Thompson, 9 S.W.3d
at 812. The evidence, which included his written and recorded confessions, was overwhelming
that he killed Lisa and Jeff during the same incident and that he knew what he was doing. Under
these facts, there was no defense available to him.
      As for Cosper’s argument about the constitutionality of the statutory scheme regarding
“sudden passion,” that issue has been decided approving the statute. Wesbrook, 29 S.W.3d at
112-13; Buhl, 960 S.W.2d at 935.
      We overrule the issues and affirm the judgment.

                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed May 29, 2002
Do not publish
[CRPM]